WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carlos Gonzalez,<br><br>    Petitioner,<br>v.<br><br>United States of America,<br><br>    Respondent. | CR 10-1294 TUC-DCB(HCE)<br>CV 11-0841 TUC-DCB<br><br><br><br>**ORDER** |

      Pending before this Court is Petitioner's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Petition). The Petitioner alleges ineffective assistance of counsel because his attorney advised him to enter into a plea agreement, which included a waiver of "his due process" right to appeal. Petitioner also asserts that his attorney was ineffective at sentencing because he failed to object to a 12-level sentencing enhancement for a prior conviction for a felony drug trafficking offense. Petitioner argues his prior conviction was a misdemeanor.

      Petitioner's Plea Agreement contained a waiver of all appellate rights, which bars relief pursuant to 28 U.S.C.A. § 2255 in all but the most narrow cases of ineffective assistance of counsel. In an abundance of caution because the Petitioner is pro se, the Court called for a Response. The Government has filed its Response, and for all the reasons stated therein, the Court dismisses this action without a hearing. The Government also seeks to expand the record to introduce judicially noticeable documents

related to Petitioner's prior conviction. Expansion of the record is unnecessary, and the Court denies the Government's motion.

**A.      Conviction and Sentence**

On December 28, 2010, Petitioner pled guilty, pursuant to a Plea Agreement, to illegal re-entry after deportation in violation of 8 U.S.C.A. § 1326, enhanced by subsection (b)(2). The factual basis for the Plea Agreement included Petitioner's admission that he had been convicted of possession of a controlled substance for sale, an aggravated felony, on December 30, 2009, and had been sentenced to 180 days in jail and 3 years supervised release. The Presentence Report (PSR) reflected the conviction was for a violation of California Health and Safety Code § 11378, Possession of a Controlled Substance for Sale (felony). The PSR specified that the police report for the California offense reflected the defendant was found with 29.2 grams of methamphetamine. Petitioner did not object at the time of sentencing to the fact of the conviction or that the drug offense was for methamphetamine. In his Petition he states he "entered a guilty plea to 'simple possession' of methamphetamine, a California state misdemeanor under California Health and Safety Code and was sentenced to 180 days of incarceration. Petitioner served less than three months in the Los Angeles County Jail and was then deported." (Doc. 54: Petition at 2.)[1] Petitioner charges his attorney mischaracterized the offense as a felony when it was a misdemeanor.

At his plea hearing, however, Petitioner admitted to the Magistrate Judge that as stated in the Plea Agreement he had been previously convicted of possession of a controlled substance for sale, an aggravated felony, and sentenced to 180 days in jail. The Petitioner admitted the same, again, before this Court at the time of sentencing. On May 24, 2011, the Court sentenced the Petitioner, pursuant to the Plea Agreement, to 24 months imprisonment to be followed by 3 years supervised release. (Doc. 50:

---

[1] Document numbers refer to the Clerk's Record in the criminal case.

Judgment and Commitment.) Petitioner was sentenced below the guideline range of 30 to 37 months imprisonment because the Government asked for a three-level downward departure for acceptance of responsibility, pursuant to U.S.S.G. § 5K3.1. The Court applied a 12-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), based on Petitioner's admission in the Plea Agreement to a prior conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less. The Plea Agreement contained a waiver of Petitioner's right to appeal and collaterally attack his sentence and conviction in exchange for the benefit of the Government making the § 5K3.1 motion to grant the Petitioner three points for acceptance of responsibility.

**B.     28 U.S.C. § 2255: Plea Agreement Waiver of Right to Appeal**.

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time.

28 U.S.C. § 2255.

The right to petition for relief under 28 U.S.C. § 2255, like the right to bring a direct appeal, is statutory. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (citing *see Abney v. United States,* 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....")). Like the waiver of the right to a direct appeal, a knowing and voluntary waiver of rights under 28 U.S.C. § 2255 is enforceable. *Id.* (citing *United States v. Navarro-Botello,* 912 F.2d 318, 321(9th Cir.1990)). Upon review of the record in this case, it appears that the Petitioner was sentenced pursuant to a Plea Agreement containing an express waiver of all appeal rights, direct and collateral. (Document 28: Plea Agreement at ¶ 1-2.)

The Petitioner signed the Plea Agreement stating that he had discussed the terms with his attorney, that he agreed to the terms and conditions, which included the waiver of his right to appeal, and that he voluntarily and knowingly entered into the Plea Agreement. (Plea Agreement at 6.)  This Court's sentencing colloquy fully complies with Fed. R. Cr. P. 11, including an inquiry into the voluntariness of any plea agreement, gives notice to the defendant if the plea agreement contains a waiver of appellate rights and inquires into the voluntariness of the waiver.

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).  For example, an express waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.*

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *Abarca*, 985 F.2d at 1014.  The only claims that cannot be waived are that the waiver itself was involuntary or that ineffective assistance of counsel[2] rendered the waiver involuntary.

---

[2] The Supreme Court enunciated the standards for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's assistance at trial was ineffective in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 688-90.  Second, the defendant must affirmatively prove prejudice. *Id.* at 691-92.  He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*  In other words, to prevail on a claim of ineffective assistance, the Petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. *Strickland*, 466 U.S. at 688.

*See Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

Petitioner does not dispute that this Court and the Magistrate Judge explained the sentencing aspects of the Plea Agreement to him and explained the waiver of rights provision to him as well. Petitioner does not charge his attorney was ineffective in translating the Plea Agreement from English into Spanish for him or explaining the details of the Plea Agreement to him. Petitioner charges his attorney gave him bad advise to enter into the Plea Agreement for two reasons: 1) the Plea Agreement contained a waiver of his appellate rights and 2) the factual basis for the Plea Agreement contained his admission that he was convicted of a prior aggravated felony for a drug trafficking offense.

**Conclusion.**

In summary, where a defendant pleads guilty, he can only complain that his attorney was ineffective in some way that affected the voluntariness of his plea, which would include pleading guilty in reliance on his attorney's "gross mischaracterization" of the likely outcome of his case. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds*, *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Misrepresentation or an erroneous prediction concerning sentencing does not entitle a defendant to challenge his guilty plea. *Id.*, *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994). Where the plea agreement is binding, the only

claim that cannot be waived is that the waiver itself was not knowing or voluntary, including a claim that ineffective assistance of counsel rendered the waiver involuntary. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014.

Petitioner's only claim which could arguably fit these exceptions is that his attorney advised him that the prior California conviction for violating § 11378 was an aggravated felony drug trafficking offense for sentencing purposes when it was a mere misdemeanor "simple possession" charge that did not warrant a 12-level sentencing enhancement under U.S.S.G. § 2.L1.2.

The Court does not reach Petitioner's assertion that such bad advise would be a "gross mischaracterization," to support a claim of ineffective assistance of counsel to defeat the voluntary or intelligent nature of his plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (when a defendant has solemnly admitted in open court to in fact being guilty of an offense, he may not thereafter raise independent claims relating to deprivations of constitutional rights that occurred prior to the entry of the guilty plea.) The Court does not need to consider this argument because Petitioner is wrong when he asserts his prior California state conviction was a misdemeanor.

Petitioner's conviction was for a violation of California Health and Safety Code § 11378, which provides that every person who possesses for sale any controlled substance which is classified in California's Schedule III, IV, or V, and not expressly excepted under the California Code, shall be punished by imprisonment pursuant to subsection h of California's Penal Code § 1170. The Ninth Circuit has previously noted that California law regulates the possession and sale of numerous substances that are not similarly regulated by the federal Controlled Substance Act. *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007). This case law is of no assistance to the Petitioner because methamphetamine is a drug listed in the federal Controlled Substance Act. (21 U.S.C.A. 812(c), Schedule III (a)(3). The U.S.S.G. § 2L1.2, Application Note 1(B)(iv) defines a

'drug trafficking offense as: "an offense under *federal*, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." (*Emphasis added*.)

The Court turns directly to Petitioner's argument that his offense conviction was a simple possession misdemeanor and not a felony. The offense of conviction, § 11378, requires punishment by imprisonment, pursuant to subsection h of California Penal Code § 1170(h). "[A] felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years." Calif. Penal Code § 1170(h)(1). Under U.S.S.G. § 2L1.2, Application Note 2, felony means "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." Petitioner's California conviction for § 11368, a drug trafficking offense, is a felony as defined for sentencing purposes.

Under § 2L1.2(b)(1)(B) "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase[s] [the offense characteristic] by 12 levels." Petitioner was sentenced to 180 days in jail for the California conviction, therefore, the Petitioner's attorney properly characterized the prior conviction as a felony and subject to a 12-level sentencing enhancement.

A review of the record reflects that the Petitioner was informed of and understood the Plea Agreement and that he voluntarily and knowingly agreed to its terms and conditions, including its waiver of his appeal rights. Petitioner expressly waived his right to file a Petition under 28 U.S.C. § 2255, which bars this action.

A hearing shall not be granted because the Petitioner's allegations, when viewed against the record, do not state a claim for relief and are so patently frivolous as a matter

of law as to warrant summary dismissal. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1985).

**Accordingly,**

**IT IS ORDERED** that the Government's Motion to Expand the Record (Doc. 6) filed in CV 11-841 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (Doc. 54) filed in CR 10-1294 TUC DCB and (Doc. 1) filed in CV 11-841 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that civil case number CV 11-841 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED**, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Martin*, 226 F.3d 1042, 1046 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *see also* 28 U.S.C. § 2253 and FRAP 22(b).

DATED this 22nd day of March, 2012.

David C. Bury
United States District Judge